UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO K. MOORE,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL McDONALD, et al.,<br><br>  Defendants. | No.  2:12-cv-0997 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. Introduction

    Plaintiff is a state prisoner, proceeding without counsel.  This action proceeds on plaintiff's complaint against defendants D. Davey and E. Callison.[1]  Defendants' motion for summary judgment on the issue of exhaustion of administrative remedies is before the court.  As set forth more fully below, the undersigned finds that defendants' motion for summary judgment should be granted.

II. Plaintiff's Verified Complaint

    Plaintiff alleges that defendant Davey falsely accused plaintiff in a rules violation report charging plaintiff with participating in a prison riot because plaintiff filed a civil rights complaint alleging deliberate indifference to his serious medical needs.  Plaintiff claims he was unable to

---

[1]  On June 4, 2014, defendant McDonald was dismissed without prejudice, and plaintiff's Eighth Amendment claims against defendants Davey and Callison were dismissed.  (ECF No. 11 at 3, 4.)

1

participate in the riot because he does not have the ability to stand or walk without a walker and was not involved. Plaintiff was placed in administrative segregation on November 4, 2011, where he was allegedly forced to live "without functioning utilities, no electrical outlets, no lockers, no table, [and] a clogged up facial sink, filled with black toxic scum water for 25 days before repairing." (ECF No. 1 at 5.) Plaintiff filed an administrative appeal regarding the living conditions, and plaintiff alleges that in reprisal for such appeal, defendant Callison: (1) cut the power to plaintiff's cell for four hours, (2) threw plaintiff's breakfast on the floor on November 24, 2011, and (3) threw a carton of milk inside plaintiff's cell "as if the milk was a baseball" on December 30, 2011. (ECF No. 1 at 6.) On December 16, 2011, plaintiff alleges that defendant Davey and other unnamed officers told plaintiff to withdraw his appeal and when he refused, Davey and these officers surrounded plaintiff "as if [he] would be assaulted if [he] would not withdraw the appeal." (ECF No. 1 at 7.) Plaintiff alleges he was forced against his will to withdraw the appeal by intimidation and to prevent plaintiff from exhausting his administrative remedies.

III. Defendants' Motion for Summary Judgment

Defendants move for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies prior to filing the instant action.

A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Proper exhaustion of available remedies is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" Woodford v. Ngo, 548 U.S. 81, 90 (2006). The Supreme Court has

2

also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. See Booth, 532 U.S. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford, 548 U.S. at 90-93. "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [] - rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88). See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'") (quoting Jones, 549 U.S. at 218).

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). On January 28, 2011, California prison regulations governing inmate grievances were revised. Cal. Code Regs. tit. 15, § 3084.7. Now, inmates in California proceed through three levels of appeal to exhaust the appeal process: (1) formal written appeal on a CDC 602 inmate appeal form, (2) second level appeal to the institution head or designee, and (3) third level appeal to the Director of the California Department of Corrections and Rehabilitation ("CDCR"). Cal. Code Regs. tit. 15, § 3084.7. Under specific circumstances, the first level review may be bypassed. Id. The third level of review constitutes the decision of the Secretary of the CDCR and exhausts a prisoner's administrative remedies. See id. § 3084.7(d)(3). Since 2008, medical appeals have been processed at the third level by the Office of Third Level Appeals for the California Correctional Health Care Services. A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002). Since the 2011 revision, in submitting a grievance, an inmate is required to "list all staff members involved and shall describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(3). Further, the inmate must "state all facts known and available to him/her regarding

the issue being appealed at the time," and he or she must "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, §§ 3084.2(a)(4). An inmate now has thirty calendar days to submit his or her appeal from the occurrence of the event or decision being appealed, or "upon first having knowledge of the action or decision being appealed." Cal. Code Regs. tit. 15, § 3084.8(b).

Failure to exhaust is "an affirmative defense the defendant must plead and prove." Jones, 549 U.S. at 204, 216. In Albino, the Ninth Circuit agreed with the underlying panel's decision[2] "that the burdens outlined in Hilao [v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996),] should provide the template for the burdens here." Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). A defendant need only show "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172. Once the defense meets its burden, the burden shifts to the plaintiff to show that the administrative remedies were unavailable. See Albino, 697 F.3d at 1030-31.

A prisoner may be excused from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively unavailable to him. See Albino, 747 F.3d at 1172-73. When an inmate's administrative grievance is improperly rejected on procedural grounds, exhaustion may be excused as effectively unavailable. Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224-26 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available).

Where a prison system's grievance procedures do not specify the requisite level of detail for inmate appeals, Sapp, 623 F.3d at 824, a grievance satisfies the administrative exhaustion requirement if it "alerts the prison to the nature of the wrong for which redress is sought." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). "A grievance need not include legal terminology

---

[2] See Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012). The three judge panel noted that "[a] defendant's burden of establishing an inmate's failure to exhaust is very low." Id. at 1031. Relevant evidence includes statutes, regulations, and other official directives that explain the scope of the administrative review process. Id. at 1032.

or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim. The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin, 557 F.3d at 1120.

If under the Rule 56 summary judgment standard, the court concludes that plaintiff has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Wyatt v. Terhune, 315 F.3d 1108, 1120, overruled on other grounds by Albino, 747 F.3d 1162.

B.  Legal Standard for Summary Judgment

Summary judgment is appropriate when it is demonstrated that the standard set forth in Federal Rule of Civil procedure 56 is met. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting then-numbered Fed. R. Civ. P. 56(c)). "Where the nonmoving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.), 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp., 477 U.S. at 325); see also Fed. R. Civ. P. 56 advisory committee's notes to 2010 amendments (recognizing that "a party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case

necessarily renders all other facts immaterial." Id. at 323.

Consequently, if the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of such a factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987), overruled in part on other grounds, Hollinger v. Titan Capital Corp., 914 F.2d 1564, 1575 (9th Cir. 1990).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 630. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual

predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 586 (citation omitted).

By contemporaneous notice provided on September 22, 2014, (ECF No. 22-4), plaintiff was advised of the requirements for opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (*en banc*); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

C.  Facts[3]

1.  Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR").

2.  At times relevant to the lawsuit, plaintiff was incarcerated at High Desert State Prison ("HDSP") in Susanville.  (ECF No. 1.)

3.  Defendants Davey and Callison were correctional officers at HDSP at all relevant times herein.

4.  On November 28, 2011, plaintiff filed an inmate appeal alleging he was placed in a cell with no table, desk, or electrical outlet for his television, and no functioning sink.  (ECF No. 22-3 at 3.)

5.  On November 28, 2011, the appeal was accepted at the first level of review, and was assigned Appeal Log No. HDSP-D-11-01608.  (ECF No. 22-3 at 3.)

6.  Plaintiff was moved to another cell with a shelf for his television, functioning outlets, and a faucet.  (ECF No. 22-3 at 3.)

7.  On December 16, 2011, plaintiff withdrew his appeal.  (ECF No. 22-3 at 3.)

---

[3]  For purposes of the instant motion for summary judgment, the court finds the following facts undisputed.  Documents submitted as exhibits are considered to the extent they are relevant, and despite the fact that they are not authenticated because such documents could be admissible at trial if authenticated.

7

8. There is no record that plaintiff filed an inmate appeal alleging that he was forced to withdraw Appeal Log No. HDSP-D-11-01608 in retaliation.  (ECF No. 22-3 at 3-7.)

9. On November 9, 2011, plaintiff filed an appeal alleging that he was falsely accused of participating in a riot.  He requested to resume his program and be released from the ASU.  (ECF No. 22-3 at 5.)

10. On November 9, 2011, the appeal was screened out, rejected, and was returned to plaintiff under California Code of Regulations, title 15, section 3084.6(b)(1), because the appeal concerned an anticipated action or decision, and the issues were not appealable until the underlying event occurred.  (ECF No. 22-3 at 5.)

11. Subsequently, plaintiff did not resubmit an appeal alleging that he was falsely accused of participating in a riot that was accepted for filing and exhausted through all levels at HDSP.  (ECF No. 22-3 at 3-7.)

12. No third level review issued for any of the claims raised in plaintiff's complaint.  (ECF No. 22-2 at 3-4.)

13. Between October 31, 2011, and October 10, 2012, only one appeal of plaintiff's was processed to the third level of review, Appeal Log No. HDSP-12-01367 (TLR No. 1202482), on August 27, 2012, regarding an alleged misuse of force by Correctional Officer J. Barron.  (ECF No. 22-2 at 4.)  That Appeal Log No. HDSP-12-01367 was denied on October 24, 2012.  (ECF No. 22-2 at 4.)

14. Moreover, none of plaintiff's five appeals that were accepted and processed after November 28, 2011, and accepted by October 10, 2012, named defendants Davey and Callison, or alleged facts contained in plaintiff's complaint.  (ECF No. 22-3 at 3-4.)

15. None of plaintiff's nine appeals that were received and screened out after November 9, 2011, and received by September 19, 2012, named defendants Davey and Callison, or alleged facts contained in plaintiff's complaint.  (ECF No. 22-3 at 5-7.)

D. The Parties' Contentions

Defendants contend that they are entitled to summary judgment because plaintiff failed to exhaust his retaliation claims against defendants Davey and Callison.  Defendants contend that

the prison appeal system was available to plaintiff, who was aware of, and made extensive use of, the prison appeal system.  Defendants argue that plaintiff filed multiple appeals and processed at least one of them through the third level of review, yet failed to properly file an appeal concerning his retaliation claims against defendants through the third level of review.

In his unverified opposition, plaintiff claims that

> every time an appeal was submitted with [his] name on it on D. Davey or Callison it was intercepted and not processed.  All in retaliation [for] plaintiff filing a civil rights complaint against the warden . . . for deliberate indifference to [plaintiff's] serious medical needs.

(ECF No. 24 at 3.)  Plaintiff claims he presented an appeal alleging that Callison cut off the power to plaintiff's cell for four hours, but alleges that Callison "balled up the 602 and stated [plaintiff] could not 602 him."  (ECF No. 24 at 3.)  Plaintiff claims he tried sending it through the U-Save envelope through the mail to the appeals coordinator, but the mail never made it to the appeals office.  (ECF No. 24 at 3.)  Plaintiff states his "appeals [were] not [accepted] for D. Davey or C/O Callison on several occasions."  (ECF No. 24 at 4.)  Plaintiff claims he has witnesses to defendant Callison's actions, but plaintiff did not provide any declarations from witnesses addressing Callison's actions in connection with plaintiff's appeals concerning the instant retaliation claims.[4]

No reply was filed.

E. Discussion

Proper exhaustion of available remedies is mandatory, Booth, 532 U.S. at 741, and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]"  Woodford, 548 U.S. at 90.  As set forth above, 2011 regulations now require inmates to name the staff person involved, and to provide all facts regarding the issue being

---

[4] Plaintiff provided eight declarations from inmates, but the declarations concern Correctional Officers Barron, Russell, Tuffin, Eldrige, Davis, and Blauser, and address incidents from April 13, 2012, through June 18, 2012, none of which are alleged in the instant complaint.  (ECF No. 24 at 37-44.)  Similarly, plaintiff's declaration submitted in Moore v. McDonald, Case No. 2:10-cv-3457 KJM KJN, did not address the actions of defendants Davey or Callison in connection with accepting or filing plaintiff's appeals concerning his retaliation claims herein.  (ECF No. 24 at 23-25.)

1 appealed, as well as the relief requested. Cal. Code Regs. tit. 15, §§ 3084.2(3), 3084.2(a)(4). The
2 Supreme Court has stated that to properly exhaust administrative remedies, inmates must comply
3 with the applicable procedural rules because administrative exhaustion is governed by the prison
4 grievance process itself, not by the PLRA. Jones, 549 U.S. at 218; Woodford, 548 U.S. at 88.

5 Defendants have adduced evidence that plaintiff failed to file, or to exhaust through the
6 third level of review, any 602 appeal alleging retaliation by defendants Davey or Callison. None
7 of the appeals filed by plaintiff included allegations alleging that defendants Davey or Callison
8 retaliated against plaintiff for filing a civil rights complaint against the warden alleging
9 inadequate medical care. Thus, the burden shifts to plaintiff to demonstrate that he did exhaust
10 such claims or that he is entitled to be excused from exhausting such claims.

11 As a preliminary matter, the court notes that when a complaint is verified under penalty of
12 perjury, it has the effect of an affidavit to oppose summary judgment "to the extent it is 'based on
13 personal knowledge' and 'sets forth specific facts admissible in evidence.'" Keenan v. Hall, 83
14 F.3d 1083, 1090 n.1 (9th Cir. 1996). Here, however, the facts alleged in plaintiff's verified
15 complaint do not address the alleged acts of defendant Callison in handling plaintiff's 602 appeals
16 regarding retaliation, and do not set forth any acts by defendant Davey in connection with
17 plaintiff's alleged efforts to exhaust the instant retaliation claims. In addition, plaintiff's
18 opposition is not signed under penalty of perjury, and was not accompanied by plaintiff's
19 declaration or the declarations of inmates confirming defendant Callison's alleged actions in
20 connection with plaintiff's efforts to file an appeal concerning his retaliation claims. (ECF No. 24
21 at 23-25; 37-44.) Therefore, despite plaintiff's arguments in his unverified opposition that
22 defendant Callison allegedly destroyed or intercepted every appeal that plaintiff submitted that
23 named defendant Callison or Davey, plaintiff adduced no evidence in support thereof.

24 Moreover, plaintiff submitted copies of appeals he alleged that defendant Callison
25 destroyed or intercepted, none of which bear received stamps from the appeals office. (ECF No.
26 24 at 8-16.) However, these appeals simply alleged wrongful actions by defendant Callison, i.e.
27 Callison allegedly threw plaintiff's food on the floor (plaintiff alleges Callison destroyed this
28 appeal), and allegedly threw plaintiff's carton of milk through the food port (plaintiff alleges this

appeal was not accepted). (ECF No. 24 at 8-16.) Plaintiff objected to defendant Callison's disrespectful and inappropriate conduct, and asked that Callison be reprimanded, and refrain from such cruel punishment. (Id.) However, plaintiff included no facts alleging that Callison's alleged wrongful acts were taken in reprisal or retaliation for plaintiff's conduct protected by the First Amendment. Thus, even if plaintiff were able to demonstrate that defendant Callison destroyed or intercepted such appeals, such appeals did not include sufficient factual allegations to put prison officials on notice of the retaliation claims alleged in the instant complaint. As set forth above, plaintiff was required to include all facts supporting his claims in order to properly exhaust his administrative remedies.

In addition, plaintiff's unverified claims are belied by the fact that he was aware of the appeal process, and availed himself of the appeal process while housed at HDSP. Indeed, defendants adduced evidence that plaintiff filed numerous appeals, at least one of which was exhausted through the third level of review.

Finally, plaintiff provided a copy of his appeals contained in appeal Log No. HDSP-12-01367. (ECF No. 24 at 27-36.) Plaintiff does not address this appeal in his opposition, but the cover sheet for this exhibit states, "Appeal on the complete crew of correctional officers working with C/O Callison and Associate Warden D. Davey constant retaliation, intimidation & threats." (ECF No. 24 at 26.) On April 30, 2012, plaintiff submitted appeal Log No. HDSP-12-01367, in which he claimed that C/O Barron aimed his mini 14 rifle at plaintiff in the chow hall, yelling at plaintiff to get his "ass back to the table." (ECF No. 24 at 29.) Within this appeal, plaintiff also recounted that he was threatened by defendant Callison in January 2012, and that defendant Callison was the officer who threw plaintiff's breakfast on the living quarters floor on November 24, 2011, and turned off plaintiff's power to his cell on December 9, 2011. (ECF No. 24 at 29.) However, fairly read, the focus of plaintiff's initial allegations was his concern that his life was being threatened by various correctional officers, including defendant Callison. (ECF No. 24 at 29-30.) In his request for third level review, dated August 23, 2012, plaintiff broadly alleged that "all threats and incidents of harassment was ... due to [plaintiff] filing a civil rights complaint ... on the HDSP Warden in the Eastern district Court for improper medical care for denying

[plaintiff] insulin injections on 11 different occasions." (ECF No. 24 at 30.)

Despite plaintiff's cover sheet for this exhibit, defendant Davey is not mentioned in any of plaintiff's appeals contained in appeal Log No. HDSP-12-01367. As set forth above, inmates are now required to name the staff person involved, and to provide all facts regarding the issue being appealed, as well as the relief requested. Cal. Code Regs. tit. 15, §§ 3084.2(3), 3084.2(a)(4). Also, inmates must comply with the applicable procedural rules because administrative exhaustion is governed by the prison grievance process itself, not by the PLRA. Jones, 549 U.S. at 218; Woodford, 548 U.S. at 88. Because plaintiff failed to name defendant Davey and to recount any factual allegations in connection to defendant Davey, appeal Log No. HDSP-12-01367 cannot serve to exhaust plaintiff's retaliation claims against defendant Davey. Similarly, plaintiff's allegations that defendant Davey allegedly intimidated and forced plaintiff to withdraw appeal Log No. HDSP-D-11-1608 cannot serve to exhaust plaintiff's claims that defendant Davey retaliated against plaintiff because the appeal does not allege retaliation on the part of defendant Davey, and, in any event, defendant Davey's actions were taken after the filing of such appeal.

In addition, at the third level of review, plaintiff's appeal Log No. HDSP-12-01367 was cancelled. Plaintiff's third level appeal was defined as his claim that on April 13, 2012, Officer Barron aimed his mini 14 rifle at plaintiff in the dining hall and yelled profanities at plaintiff while directing him to go back to his table. (ECF No. 24 at 35.) The third level examiner noted that plaintiff had raised "numerous other allegations of staff misconduct" in section A of the 602 appeal form, but that such allegations would not be addressed because they were not submitted within thirty days of the event or decision being appealed. (ECF No. 24 at 35.) In addition, the examiner noted that plaintiff had added new issues and requests to his appeal, which was inappropriate. (Id.)

Thus, to the extent that plaintiff contends that appeal Log No. HDSP-12-01367 exhausts the instant retaliation claims against defendant Callison, such contention is unavailing. An inmate now has thirty calendar days to submit his or her appeal from the occurrence of the event or decision being appealed, or "upon first having knowledge of the action or decision being appealed." Cal. Code Regs. tit. 15, § 3084.8(b). Plaintiff's appeal Log No. HDSP-12-01367 was

signed on April 30, 2012, more than thirty days after defendant Callison's alleged conduct in November and December, 2011. Similarly, plaintiff's effort to include his retaliation claim by raising it in his request for third level review, is unavailing. "Administrative remedies shall not be considered exhausted relative to any new issue, information, or person later named by the appellant that was not included in the originally submitted [appeal] and addressed through all required levels of administrative review up to and including the third level." Cal. Code Regs. tit. 15, § 3084.1(b). In other words, the addition of plaintiff's retaliation allegation in his request for third level review in appeal Log No. HDSP-12-01367 does not exhaust such retaliation claim because new claims are not permitted as the appeal moves through the levels of review. A prisoner does not exhaust administrative remedies when he includes new issues from one level of review to another. See Sapp, 623 F.3d at 825 (concluding that it was proper for prison officials to "decline[] to consider a complaint about [prisoner's] eye condition that he raised for the first time in a second-level appeal about medical care for a skin condition."); Dawkins v. Butler, 2013 WL 2475870, *8 (S.D. Cal. 2013) (a claim made for the first time in plaintiff's request for Third Level review was insufficient to exhaust the issue where it was not included in the original appeal).

For all of these reasons, defendants Davey and Callison are entitled to summary judgment based on plaintiff's failure to first exhaust his administrative remedies.

F. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that defendants' motion for summary judgment (ECF No. 22) be granted; and this action be dismissed in its entirety, without prejudice, based on plaintiff's failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 10, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/moor0997.msj.fte